[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11780
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-02589-JSM-MAP


RICHARD J. HANBACK,

Plaintiff-Appellant,


versus


COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 6, 2014)


Before JORDAN, FAY, and  EDMONDSON, Circuit Judges.

PER CURIAM:

Richard John Hanback appeals the district court's order affirming the ALJ's denial of SSI, pursuant to 42 U.S.C. § 1383(c)(3).

The ALJ did not err by assigning "some weight" to the opinion of a non-examining physician because the non-examining physician was the only medical source to opine directly on Hanback's physical residual functional capacity ("RFC") and that physician's opinion was consistent with the objective medical evidence of Hanback's treating and examining physicians.

Furthermore, the ALJ did not err by failing to state explicitly the weight given to the opinion of an examining physician because (1) the ALJ repeatedly referenced that physician's opinion in making the RFC assessment, (2) the RFC conclusion was entirely consistent with that physician's opinion, and (3) the ALJ relied on that physician's opinion to discredit Hanback's subjective testimony of his symptoms and the limiting effects of his impairments.  Even if the ALJ erred by failing to state the definite weight he accorded that physician's opinion, the potential error was harmless.

About the lay opinion evidence, the ALJ gave sufficient consideration to the third-party function report completed by Hanback's friend; and the ALJ's rejection of the report is supported by substantial evidence.

2

Moreover, the ALJ's hypothetical questions to the vocational expert were not incomplete because the questions were consistent with the RFC assessment and fully incorporated the limitations in the RFC assessment; the ALJ was unrequired to instruct the vocational expert to assume conditions that the ALJ did not find to exist based on the evidence in the record.

AFFIRMED.